924 F.2d 1052
 136 L.R.R.M. (BNA) 2392
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LYNCHES RIVER ELECTRIC COOPERATIVE, INCORPORATED, Respondent.
 No. 90-1717.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided Jan. 30, 1991.
 
 On Application for Enforcement of an Order of the National Labor Relations Board. (11-CA-13159; 11-RC-5497)
 Marilyn O'Rourke, National Labor Relations Board, Washington, D.C., argued for petitioner; Jerry M. Hunter, General Counsel, Robert E. Allen, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Howard E. Perlstein, Supervisory Attorney, National Labor Relations Board, Washington, D.C., on brief.
 Kenneth L. Childs, Childs & Duff, P.A., Columbia, S.C., argued for respondent; David T. Duff, Childs & Duff, P.A., Columbia, S.C., on brief.
 N.L.R.B.
 ENFORCEMENT DENIED; REMANDED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This matter is before the Court on the application for enforcement of an order of the National Labor Relations Board, filed pursuant to 29 U.S.C. Secs. 151, 160(e) (1984). The Board seeks enforcement of its decision and order, dated June 15, 1989, directing that Lynches River Electric Cooperative, Inc. ("Lynches River") bargain with Local Union 485, International Brotherhood of Electrical Workers, AFL-CIO, CLC. The Board's order was based on its determination that Lynches River had engaged in an unfair labor practice by refusing to bargain with the Union, which had been certified as the collective bargaining representative of the employer's employees. Lynches River justifies it refusal to bargain by claiming invalidity of the representation election. We deny enforcement and remand for an evidentiary hearing.
 
 I.
 
 2
 On May 20, 1988, the Union filed a representation petition with the Board seeking to represent the trades and crafts employees at Lynches River. On June 16, 1988, the Board conducted a secret ballot election and the employees selected union representation by a vote of 15 to 14. On June 23, 1988, Lynches River filed timely objections to conduct affecting the results of the election, asking that the results should be set aside.
 
 
 3
 Lynches River's objections stem from statements made by the former general manager for the facility, Lynn Lanier. On the evening of June 14, 1988, approximately thirty-six hours before the vote, the board of directors of Lynches River demanded and received Lanier's resignation. In accepting his resignation, the board of directors granted Lanier a continuation of salary and benefits for three months, with a possible extension of up to three additional months. They also agreed to allow Lanier to personally clean out his desk and announce his resignation to the employees the following morning.
 
 
 4
 At approximately 8:00 a.m. on the morning of June 15, one day before the election, Lanier called the employees together in the Training Room. He started the meeting by announcing that the directors had asked for and received his resignation the night before. He then stated that he should have fired some of the employees three years ago, made a reference to his own termination and added that "some of you" will be next.
 
 
 5
 Lynches River filed objections to the election with the Board. The NLRB Regional Director conducted an ex parte investigation and concluded that Lanier was Lynches River's agent at the time of the alleged threat and that Lynches River received knowledge of the threats later that day, yet made no attempt to remedy the conduct. Accordingly, the Regional Director concluded that the company was responsible for his conduct and, therefore, it could not raise an objection. The Board affirmed the findings of the Regional Director and certified the Union as the exclusive bargaining representative of the employees.
 
 II.
 
 6
 In Lynches River's "Exceptions to the Regional Director's Report on Objections," it took exception to the Regional Director's failure to conduct an evidentiary hearing. It raises the issue again in this Court in its brief in opposition to the enforcement of the Board's order. The standard for granting such a hearing was extensively set out in Methodist Home v. NLRB, 596 F.2d 1173, 1178-79 (4th Cir.1979). There, the Regional Director conducted a similar ex parte investigation into allegations of coercive conduct surrounding an election. This Court held that where there is a substantial and material issue of fact relating to the validity of the representation election an evidentiary hearing should be accorded to the objecting party. Id. at 1178. "In order to secure such an evidentiary hearing, though, the objecting party must make a 'proffer of evidence which prima facie would warrant setting aside the election.' " Id. (quoting NLRB v. Bata Shoe Co., 377 F.2d 821, 826 (4th Cir.), cert. denied, 389 U.S. 917 (1967)). The sufficiency of the proffer is to be determined by the courts. We believe that Lynches River has made a sufficient showing here to require the granting of an evidentiary hearing.
 
 Apparent Authority
 
 7
 The Regional Director concluded that Lynches River had vested Lanier with apparent authority to act as the employer's agent because it granted Lanier permission to speak to the employees on the morning of June 15, the morning after he resigned. The Regional Director buttresses this conclusion with the fact that the employer chose not to be present to monitor what Lanier was going to say to the employees.
 
 
 8
 Apparent authority exists when the principal holds the purported agent out as having such authority and a third party reasonably relies on the actions of the principal. See Metco Products, Inc. v. NLRB, 884 F.2d 156, 159 (4th Cir.1989). We are troubled here by the fact that Lanier began his speech to the employees by announcing that he had resigned. Apparent authority cannot arise in circumstances where the third party is actually aware of limitations on the agent's authority. Id. at 160. Therefore, there is a substantial and material issue of fact as to whether the third party employees could have reasonably believed that Lanier was acting as an agent for Lynches River.
 
 Ratification
 
 9
 The Regional Director also found that the employer could not object to Lanier's conduct because the employer acquired knowledge of his conduct later in the day on June 15, yet failed to take steps to remedy any coercive effect before the election on June 16. Thus, it is argued, the employer ratified Lanier's conduct.
 
 
 10
 However, the only evidence supporting this finding is (1) the statement of an unidentified employee who claims to have talked with Lynches River Director Roddy Outen on the day the statement was made, and (2) evidence that "foremen" were present at Lanier's meeting. As to the unidentified employee, no affidavit was taken by the Regional Director but Lynches River did submit to the Board an affidavit of Director Outen in which he denies having knowledge until after the election. As to the presence of foremen, knowledge may only be imputed to an employer if the foremen were statutory supervisors under Section 2(11) of the NLRA, 29 U.S.C.A. Sec. 152(11) (West 1973). The record, however, does not allow a determination to be made as to whether the foremen were supervisors under the Act. Thus, substantial and material issues of fact exist regarding these findings.
 
 
 11
 In summary, we think that an evidentiary hearing is required to determine the fairness of the representation election. Since Lynches River is precluded from objecting to Lanier's conduct if he was an agent, the hearing should be directed to the issues of (1) whether the employees could have reasonably believed that Lanier spoke for Lynches River and (2) whether Lynches River had knowledge of his conduct prior to the election.
 
 III.
 
 12
 Although we believe that an evidentiary hearing is appropriate in this case, we are concerned as to whether it is too late to conduct a hearing at this time. It has been over two years since the election took place. Memories of witnesses may have faded and some witnesses may be unavailable. Additionally, the election was decided by a margin of 15 to 14 votes and there is the possibility of employee turnover. The Second Circuit has relied upon these factors in two cases and denied enforcement without remand. NLRB v. Connecticut Foundry Co., 688 F.2d 871 (2d Cir.1982); NLRB v. Nixon Gear, Inc., 649 F.2d 906 (2d Cir.1981). As a preliminary matter, then, we direct inquiry on remand into whether an evidentiary hearing can fairly be held at this time.
 
 
 13
 Finally, Lynches River has filed a motion to supplement the record with evidence of current turnover, which the Board opposes. In view of our ruling remanding this case for further findings, both on the questions of fairness and whether a hearing can effectively be conducted at this time, the issue presented by the motion is moot.
 
 
 14
 For the reasons given, the application for enforcement of the order is denied and the case is remanded.
 
 ENFORCEMENT DENIED; REMANDED